UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61109-RAR

**ROBERT C. COX,**

    Plaintiff,

v.

**BANK OF AMERICA CORPORATION,** *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendant Bank of America Corporation's Motion to Dismiss Complaint ("BAC Motion") [ECF No. 12], filed August 4, 2021. Plaintiff Robert C. Cox filed a response in opposition to the BAC Motion ("Response") [ECF No. 19] on August 18, 2021. The Court has reviewed the BAC Motion and Plaintiff's Response and is otherwise fully advised. For the reasons set forth below, it is hereby

**ORDERED AND ADJUDGED** that the BAC Motion [ECF No. 12] is **GRANTED IN PART**. Plaintiffs' Complaint is **DISMISSED** on all counts with leave to amend.

## BACKGROUND

On May 26, 2021, Plaintiff, proceeding *pro se*, filed a Complaint for a Civil Case ("Complaint") [ECF No. 1] against Defendants Bank of America Corporation and State of Florida. Plaintiff includes in his Complaint a 26-page "Exhibit" in which he alleges various wrongs committed against him by Defendants. Although difficult to follow, the allegations seem to center on a foreclosure action against Plaintiff that culminated in the sale of his former home at auction on May 31, 2016. *See* Compl. Exhibit at 1.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although generally, *pro se* complaints are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of *pro se* pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prod. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (citation and quotation omitted).

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

## **ANALYSIS**

The Eleventh Circuit has relieved its district courts of the burden of dealing with "shotgun pleadings," which it defines, in part, as follows:

> The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  Plaintiff's Complaint is a classic shotgun pleading.  It does not separate into different counts each cause of action or claim for relief.  Instead, Plaintiff lumps together all claims against all Defendants.  Plaintiff also fails to specify which of the Defendants are responsible for which acts or omissions.

Plaintiff's Complaint is also a general mess of a document.  Despite its textual length, the Complaint is short on facts sufficient to state a claim.  For the most part, Plaintiff simply recites portions of the Constitution and cuts and pastes extensively from Consent Judgments that Plaintiff received from the Department of Justice and Federal Trade Commission.  In the few instances where Plaintiff attempts to allege facts, he merely proffers semi-intelligible conclusions with no factual support.

Plaintiff's Complaint fails for other reasons as well.  Concerns regarding preclusion, jurisdiction, and sovereign immunity lurk in the fog of the pleading.  But for now, the Court will forgo further analysis because the reasons stated above are sufficient to warrant dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the BAC Motion [ECF No. 12] is **GRANTED IN PART**.  Plaintiff's Complaint is **DISMISSED** on all counts with leave to amend.  Plaintiff shall file an Amended Complaint in compliance with this

Order and all applicable pleading standards by **5:00 P.M. EST on Tuesday, September 7, 2021**. Failure to comply with this Order will result in a dismissal without further notice. Further, Defendant State of Florida's Motion to Dismiss [ECF No. 20], filed August 25, 2021, is **DENIED AS MOOT**.[1]

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of August, 2021.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

---

[1] If Plaintiff timely files an Amended Complaint, Defendants are directed to file any further Motions to Dismiss jointly.