UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-61109-RAR

**ROBERT C. COX**,

    Plaintiff,

v.

**BANK OF AMERICA CORPORATION**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants State of Florida and Bank of America, N.A.'s Joint Motion to Dismiss Amended Complaint ("Motion") [ECF No. 43], filed October 12, 2021. Plaintiff Robert C. Cox filed a response in opposition to the Motion ("Response") [ECF Nos. 45, 46] on October 26, 2021. The Court has reviewed the Motion, the Response, and the record, and is otherwise fully advised. For the reasons set forth below, it is

**ORDERED AND ADJUDGED** that the Motion [ECF No. 43] is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED** *with prejudice*.

## BACKGROUND

On May 26, 2021, Plaintiff, proceeding *pro se*, filed a Complaint for a Civil Case ("Complaint") [ECF No. 1] against Defendants Bank of America, N.A. ("BANA") and State of Florida. Plaintiff included with his Complaint a 26-page "Statement of Claim" that alleged various wrongs committed against Plaintiff by Defendants. Although difficult to follow, the allegations seemed to center on a foreclosure action against Plaintiff that culminated in the sale of his former home at auction on May 31, 2016. *See* Compl. Exhibit at 1. On motion by BANA, the Court

dismissed the Complaint as a shotgun pleading on August 27, 2021, with leave to amend. [ECF No. 22]. Plaintiff filed his First Amended Complaint [ECF No. 23] ("FAC") on September 7, 2021, and Defendants have moved to dismiss the FAC.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although *pro se* complaints generally are held to a less stringent pleading standard than pleadings drafted by lawyers, *see Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005), "liberal construction of *pro se* pleadings does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Smitherman v. Decatur Plastics Prods. Inc.*, 735 F. App'x 692, 692 (11th Cir. 2018) (citation and quotation marks omitted).

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations contained in the complaint, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the facts alleged. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (citation and quotation omitted).

## ANALYSIS

Unlike Plaintiff's original Complaint, Plaintiff's FAC is sufficiently reorganized and tightened to survive the "shotgun pleading" threshold. However, it fares little better than its predecessor in terms of substance. Plaintiff's various claims arise from a foreclosure action

commenced in state court in 2009, which resulted in a final judgment against Plaintiff that was affirmed on appeal. FAC at 7–8. Plaintiff's property was sold pursuant to that affirmed judgment. *Id.* The State of Florida was not a party to that foreclosure action, but Plaintiff challenges the decision of the Fourth District Court of Appeal to affirm the foreclosure judgment against Plaintiff. *Id.* at 8. Plaintiff seeks more than $74 million in compensatory and punitive damages from both Defendants, having concluded that the state foreclosure proceedings were wrongful and denied him of due process. *Id.* at 9.

Unfortunately for Plaintiff, these claims are barred by the *Rooker–Feldman* and *res judicata* doctrines and by the statute of limitations. Plaintiff also has no standing against the State of Florida, which is not subject to the jurisdiction of the Court under the Eleventh Amendment. And above all else, Plaintiff fails to allege sufficient facts to show that he may be entitled to relief.

### I. This Court Lacks Subject-Matter Jurisdiction Under the *Rooker–Feldman* Doctrine

Though the FAC contains few ultimate facts, the claims it asserts are clearly barred by the *Rooker–Feldman* doctrine, which prevents federal courts from exercising appellate review of final state-court judgments and bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff comes to the Court after losing in a state foreclosure action and seeks to impugn the state-court judgment. FAC at 8. Plaintiff alleges that BANA did not possess the promissory note and was not authorized to enforce the note and mortgage or to prosecute the foreclosure action. *Id.* at 7. He states that BANA failed to state a claim in the foreclosure action and was not entitled to the relief it obtained. *Id.* The final judgment of

foreclosure was affirmed on appeal without comment, and the subsequent sale of Plaintiff's mortgaged property is the injury he claims to have suffered from that judgment. *Id.* at 7–8.

The Court is keenly aware of the Eleventh Circuit's recent opinion clarifying the limitations on the *Rooker–Feldman* doctrine in response to the scope creep district courts had allowed in recent decades. *See Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (distinguishing cases in which a plaintiff attempts to "modify or 'overturn an injurious state-court judgment,'" which are barred by *Rooker–Feldman*, from those in which "a party attempts to litigate in federal court a matter previously litigated in state court," which are not (quoting *Exxon Mobil*, 544 U.S. at 292–93 (2005))). However, even under the constraints of *Behr*, Plaintiff's allegations place this case squarely within the scope of *Rooker–Feldman*. Although Plaintiff seeks damages, alleging without facts that Defendants violated federal statutes and two amendments to the Constitution, he invites the Court to review the state foreclosure proceedings and reject the state final judgment, even though that judgment was affirmed on appeal. FAC at 7–8. Only by conducting such review and rejecting the state judgment could the Court conceivably grant the relief Plaintiff seeks here, which is precisely the action prohibited by the *Rooker–Feldman* doctrine. *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (dismissing RICO claims based on wire fraud because, for the plaintiffs to succeed, the court would have to conclude that the foreclosures and the judgments were void). Accordingly, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine.

## II. Plaintiff's Claims Are Time-Barred

The statute of limitations applicable to a claim under section 1983 "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The state's statute of limitations also applies to claims under section 1985. *Eubank v. Leslie*, 210 F. App'x 837, 841

(11th Cir. 2006).  In Florida, personal injury torts are barred after four years from the occurrence of the last element of the claim.  FLA. STAT. §§ 95.11(3)(a), 95.031(1).

Here, Plaintiff alleges the state court issued the final judgment of foreclosure on February 17, 2015, and the state appellate court affirmed that judgment on January 28, 2016.  FAC at 8.  The sale of the property took place on May 31, 2016.  *Id.*  At the latest, Plaintiff's claims began to accrue on the sale date and expired four years later, on May 31, 2020.  Plaintiff commenced this action on May 26, 2021, almost one year after the limitations period ran.  *Id.*  Thus, the FAC shows that Plaintiff's claims are time-barred.

### III. Plaintiff Lacks Standing

A plaintiff has the burden of establishing standing to maintain a claim by showing that (1) he suffered an injury in fact, which is (2) traceable to the defendant's conduct and (3) is likely to be redressed with a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  Here, Plaintiff has failed to allege facts in support of any of the three elements.

First, Plaintiff does not identify "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'"  *Id.* at 560 (citations omitted).  He was sued for the foreclosure on a mortgage in a state court of competent jurisdiction.  *See Wilmington Sav. Fund Soc'y, FSB v. Contreras*, 278 So. 3d 744, 747 (Fla. 5th DCA 2019) (stating that state circuit court has exclusive jurisdiction over foreclosure claims).  That case was tried before the state court, which entered judgment against Plaintiff.  FAC at 7.  Plaintiff appealed that judgment, and the appellate court affirmed it.  *Id.* at 8.  The fact that Plaintiff is unwilling to accept that result does not constitute an injury in fact.  The allegations in the FAC do not describe "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560.

Second, Plaintiff does not allege facts to show that an injury is traceable to either Defendant's conduct—which would be impossible anyway because Plaintiff does not show an injury in fact. *In re Benkovitch*, No. 16-1143-BKC, 2017 WL 543177, at *4 (S.D. Fla. Bankr. Feb. 6, 2017) ("The Court is persuaded . . . that because [Plaintiff] suffered no injury in fact, he cannot demonstrate any causation related to any of the Defendants' alleged conduct or injury redressable by a court."). In fact, the State of Florida was not even a party to the state foreclosure action. With respect to BANA, Plaintiff alleges no facts to show that there was any failure to conform with the provisions of Chapter 702 or section 673.3091 of the Florida Statutes relating to foreclosures and enforcement of lost or destroyed instruments. Plaintiff simply fails to allege sufficient facts to trace any wrongdoing to Defendants.

Third, Plaintiff does not allege facts to show that any injury is likely to be redressable in this Court. If there were any irregularities in the foreclosure proceedings, the state appellate court was the proper forum to seek redress. Fla. R. App. P. 9.030(b). Plaintiff availed himself of that recourse by appealing the foreclosure judgment. FAC at 8. The state appellate court affirmed the final judgment. *Id.* Therefore, no injury to Plaintiff is likely to be redressable here.

**IV. This Court Lacks Jurisdiction Over the State of Florida**

The Eleventh Amendment bars lawsuits in federal court against a nonconsenting state by its citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("While the [Eleventh] Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). A state's waiver of its sovereign immunity must be "unequivocally expressed." *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (citations omitted). For state consent under Florida law, the Florida Constitution requires that a general law provide for

any suit against the state for all liabilities. FLA. CONST. art. X, § 13. The Florida Legislature therefore has the exclusive authority to waive sovereign immunity. *See Tague v. Fla. Fish & Wildlife Conservation Comm'n*, 390 F. Supp. 2d 1195, 1207–08 (M.D. Fla. 2005). The Eleventh Amendment also bars such lawsuits against an arm of state government, absent the state's consent or a Congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).

The State of Florida has not waived immunity in this matter, so Plaintiff's FAC cannot overcome Eleventh Amendment immunity.

### V. *Res Judicata* Bars Plaintiff's Claims Against BANA

Plaintiff's claims are predicated on the foreclosure proceedings that terminated against him. Therefore, Plaintiff's claims against BANA are barred by *res judicata*, which precludes the re-litigation of claims that were raised, or could have been raised, in a prior action. *Rivas v. Bank of N.Y. Mellon*, 777 F. App'x 958, 963 (11th Cir. 2019). Federal courts apply the preclusion principles of the state where the district court sits. *Tharpe v. Nationstar Mortg. LLC*, 718 F. App'x 814, 816 (11th Cir. 2017). Florida courts apply *res judicata* "when four identities are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." *Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004). Preclusion also requires a ruling on the merits in the prior action. *Tharpe*, 718 F. App'x at 816. All five requirements are met here.

First, the identity of the thing sued for is satisfied. This action involves the same loan, promissory note, mortgage, property, and issues that were the crux of the foreclosure action. *Brosnick v. Wells Fargo Bank, N.A.*, No. 18-60645, 2018 WL 6807340, at *5 (S.D. Fla. Sept. 25, 2018) (finding that identical loan transaction, mortgage, and property at issue in foreclosure action

satisfy identity of thing sued for in second action). It is irrelevant that Plaintiff formulates his claims here as violations of the Constitution and federal statutes. *See Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 57 F. Supp. 3d 1358, 1371 (M.D. Fla. 2014) (stating that the first identity of *res judicata* is satisfied regardless of whether the remedies sought are different if both actions "are based on the same transactions, occurrences and facts"). This case involves the same occurrences that were central to—and were litigated in—the foreclosure action.

Second, the identity of the cause of action considers "whether the facts or evidence necessary to maintain the suit are the same in both actions." *Beepot*, 57 F. Supp. 3d at 1372 (citations omitted). This identity includes "'every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter' of the first litigation" and claims that a defendant failed to raise in the prior action. *Id.* (quoting *Zikofsky v. Marketing 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005) (alteration in original)). As explained above, Plaintiff's claims are based on the state foreclosure proceedings that he specifies as case number 09030442 filed in Broward County, Florida. FAC at 7. He complains here that BANA did not have possession of the original mortgage and promissory note to introduce at the foreclosure trial. *Id.* He alleges that BANA's trial witness testified that BANA was not authorized to enforce the note and mortgage or to prosecute the foreclosure action. *Id.* These are the same issues that the state trial court and appellate court examined and decided against Plaintiff. If this case were allowed to proceed to trial, the parties would rely on the same facts and evidence that were reviewed by the state courts in the foreclosure action. Therefore, the identity of the cause of action is satisfied.

Third, the identity of the parties is satisfied. Plaintiff was a defendant and BANA was the plaintiff in the foreclosure action.

Fourth, the identity of the quality of the persons for or against whom the claim is made tests "whether the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the federal action." *McDonald v. Hillsborough Cty. Sch. Bd.*, 821 F.2d 1563, 1566 (11th Cir. 1987). Plaintiff had a significant incentive to litigate his claims in the foreclosure action because he stood to lose his property if he was unsuccessful. Plaintiff engaged in discovery during the proceedings, *see* [ECF No. 1-2 at 6–9], went to trial, and appealed the final judgment. BANA, on the other hand, also had an incentive to litigate because its predecessor filed the state foreclosure action and BANA later substituted in as plaintiff. Accordingly, the fourth identity is satisfied.

Finally, there was a ruling on the merits in the foreclosure action because the state court, after trial, entered the foreclosure judgment. That judgment was affirmed on appeal.

All five of the prerequisites for *res judicata* are met here, barring Plaintiff's claims.

## VI.   Plaintiff Insufficiently Pleads His Claims

Plaintiff asserts violations of 42 U.S.C. §§ 1983, 1985(3) and Amendments V and XIV of the Constitution. FAC at 7–8. The allegations do not support Plaintiff's asserted violations.

### A.   *The State of Florida Is Not a Proper Party*

The State of Florida is not a proper party in this action. The state is not a necessary or proper party when a lawsuit involves the application of a state statute. A person aggrieved by the application of a legal rule may not sue the rule maker—Congress, the President, the United States, a state, a state's legislature, the judge who announced the principle of common law; he may sue only the person whose acts hurt him. *Quinones v. City of Evanston*, 58 F.3d 275, 277 (7th Cir. 1995). And the Eleventh Amendment precludes naming the state as a party. *Id.*

Here, the only state actors in the foreclosure action were the trial court that rendered the final judgment against Plaintiff and the appellate court that affirmed the judgment. Both courts did nothing more than hear and adjudicate the controversy between BANA and Plaintiff in accordance with state law. The adverse result to Plaintiff does not convert such adjudication into wrongdoing. Furthermore, as the court observed in *Quinones*, Plaintiff gains nothing by adding the State of Florida as a party here. *Id.* at 278. The State of Florida is not a proper party between the bank/mortgagee and Plaintiff/mortgagor. The State of Florida did not take Plaintiff's property or sell Plaintiff's property. Therefore, the State of Florida is not a proper party to this suit.

### B. Section 1983

To state a claim under section 1983, Plaintiff must show that Defendants acted under color of state law and deprived Plaintiff of rights, privileges, or immunities secured by the Constitution and laws. *Jones v. Citimortgage, Inc.*, 666 F. App'x 766, 773 (11th Cir. 2016). A state cannot be sued for violations of section 1983 because a state is not a person within the meaning of that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–66 (1989); *Jones-El v. Florida*, No. 18-1621, 2018 WL 6983499, at *3 (M.D. Fla. Dec. 3, 2018) ("A state, however, is not considered to be a 'person' within the meaning of section 1983."). Furthermore, private actors are not deemed to be state actors unless "they act in concert with state officials" to deprive the plaintiff of his constitutional rights. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). The commencement of foreclosure proceedings pursuant to a mortgage in accordance with state law does not implicate authority of state law when there is no pre-adjudicative seizure of property. *Earnest v. Lowentritt*, 690 F.2d 1198, 1201 (5th Cir. 1982).

Here, Plaintiff fails to plead any facts to support a claim under section 1983. First, the State of Florida is immune from the provisions of section 1983 because it is a state. Second,

BANA is a private actor that is not subject to liability under section 1983. Plaintiff alleges no facts to show that BANA acted in concert with any state officials to deprive him of any rights. He complains that BANA had no standing to enforce the note and mortgage or to prosecute the state foreclosure action against him. However, by merely instituting and prosecuting the foreclosure action, BANA did not purport to act under color of state law. Plaintiff does not allege any facts to show that BANA conspired with any state official to maintain the foreclosure action and obtain the final judgment, which was affirmed on appeal. Furthermore, because the sale of Plaintiff's property occurred pursuant to the affirmed foreclosure judgment, it did not constitute a pre-adjudicative seizure of property. Accordingly, Plaintiff cannot establish the element of acting under color of law.

Third, Plaintiff does not show that BANA deprived him of any rights. To the contrary, the allegations show that Plaintiff received the benefit of due process in the foreclosure action. That state action was commenced by the filing of a complaint for foreclosure in the proper court. *See Wilmington Sav. Fund Soc'y*, 278 So. 3d at 747. The record here shows that Plaintiff answered the foreclosure complaint and engaged in discovery. *See* [ECF No. 1-2] at 6–9. Plaintiff went to trial and, apparently, examined BANA's trial witness. FAC at 7. After the state court entered judgment for BANA, Plaintiff appealed. Thus, the few facts that Plaintiff alleges show that he suffered no deprivation of due process. *See Bendiburg*, 909 F.2d at 468.

Therefore, Plaintiff fails to state a claim under section 1983 against either Defendant.

### C. Section 1985(3)

To state a claim under section 1985(3), Plaintiff must allege sufficient facts to show that BANA entered an agreement with another person to deprive him of his equal-protection rights. *Jones*, 666 F. App'x at 773. The deprivation of equal-protection rights requires allegations of

class-based discriminatory animus behind the alleged conspiracy. *Childree v. UAP/GA AG Chem.*, 92 F.3d 1140, 1146–47 (11th Cir. 1996). Aside from the fact that Plaintiff fails to allege any deprivation of rights (as discussed *supra*), he also fails to show that either Defendant entered any agreement with anyone. Plaintiff merely complains of the proceedings in the foreclosure action, particularly the trial of that matter and the affirmance of the final judgment. However, there is nothing in the FAC to even suggest that either Defendant conspired with anyone. Plaintiff's conclusion that the two defendants "are equally responsible" and "should be held equally accountable" does not establish a conspiracy and is unsupported by any ultimate facts. FAC at 8. Nor does Plaintiff allege any facts to show that there was any class-based animus behind a conspiracy. Without facts showing a conspiracy to discriminate against Plaintiff due to some class-based animus, the FAC fails to state a claim under section 1985(3).

### D.  Fifth and Fourteenth Amendments

The Fifth Amendment of the Constitution prevents the federal government from taking private property without due process. U.S. CONST. amend. V; *Knoetze v. U.S. Dep't of State*, 634 F.2d 207, 211 (5th Cir. 1981) ("[F]ifth amendment protection attaches only when the federal government seeks to deny a liberty or property interest."). The Fifth Amendment—applied to the states by the Fourteenth Amendment—requires an allegation of state action to support a claim of unconstitutional deprivation of private property. *Calvert v. JRK Prop. Holdings*, No. 14-1762, 2015 WL 13790745, at *5 (M.D. Fla. Mar. 16, 2015).

Here, Plaintiff does not, and cannot, allege that BANA's conduct constitutes an act by either the federal or the state government. BANA is a private actor that sought to foreclose a mortgage in state court. Invoking the jurisdiction of the state courts does not transform a private actor into a state actor, and the resulting foreclosure judgment does not constitute a violation of

the Fifth or Fourteenth Amendment. *Jackson v. Lakeview Loan Servicing, LLC*, No. 19-761, 2019 WL 3326000, at *3 (M.D. Fla. May 22, 2019).

With respect to the State of Florida, Plaintiff does not allege any facts to show that the state took anything from him without due process. The foreclosure sale took place after the conclusion of a trial that resulted in the entry of a final judgment of foreclosure. Plaintiff appealed that judgment and lost, resulting in the sale. That is the due process prescribed by the Florida Statutes for foreclosing on a mortgage. FLA. STAT. Chs. 45, 702.

In sum, Plaintiff simply fails to state a claim for the violation of either constitutional amendment.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion [ECF No. 43] is **GRANTED**. Plaintiff's First Amended Complaint [ECF No. 23] is **DISMISSED** on all counts *with prejudice*.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of November, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**